**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| C.I.T.C., U.S.A., ) | |
| ) | Case No. 1:12-cv-07283 |
| Plaintiff, ) | |
| ) | Judge Ruben Castillo |
| v. ) | |
| ) | Magistrate Judge Shelia M. Finnegan |
| GRAY LION LOGISTICS, LLC, ) | |
| and INTERNATIONAL TRANSPORT ) | |
| LOGISTICS, INC. ) | |
| ) | |
| Defendants. ) | |

**INTERNATIONAL TRANSPORT LOGISTICS, INC.'S
MOTION FOR SUMMARY JUDGMENT**

Defendant, International Transport Logistics, Inc. ("ITL"), by and through its attorneys, Robert L. Reeb and Matthew C. Koch of Marwedel, Minichello & Reeb, P.C. moves this Court pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1 to enter summary judgment in its favor for the relief prayed for in Plaintiff C.I.T.C., U.S.A.'s ("CITC") Amended Complaint on the ground that there is no genuine issue as to any material fact, and that ITL is entitled to judgment as a matter of law.

Specifically, CITC is not a real party in interest because it does not currently own the subject bulldozer and did not own subject bulldozer at any point during transit. Moreover, even if CITC did have standing to bring this lawsuit, ITL is entitled to summary judgment because (1) CITC's claims against ITL are time barred by the one-year statute of limitations applicable under the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701, and the Terms & Conditions of the ITL's bill of lading and (2) because CITC cannot establish a prima facie case that the subject bulldozer was damaged while in custody and control of ITL. Alternatively, CITC is entitled to partial summary judgment because the Carriage of Goods by Sea Act and Terms &

Conditions of ITL's bill of lading bar recovery of ITL's claim for consequential damages and limit ITL's liability to $1,000.

This motion is based on pleadings, records and proceedings herein, including ITL's Memorandum of Law in Support its Motion for Summary Judgment, ITL's 56.1 Statement of Facts and the affidavits and documents attached thereto, which is filed contemporaneously herewith and is expressly incorporated herein by reference.

The primary legal and factual bases for this motion were raised in a January 9, 2013, letter to counsel for CITC submitted in anticipation of the February 15, 2013, settlement conference before this Court. The real-party in interest issue was revealed during the course of discovery, and has been discussed by counsel for CITC and ITL on multiple occasions, along with the other legal and factual bases for this motion. To date, CITC and ITL have been unable to resolve their differences.

WHEREFORE, Defendant International Transport Logistics, Inc. prays that this Court enters summary judgment in its favor and against CITC, or alternatively, partial summary judgment on CITC's claim for consequential damages and further limiting any liability ITL has for physical damage to the Bulldozer to $1,000.

INTERNATIONAL TRANSPORT LOGISTICS, INC.

By:    <u>Matthew C. Koch</u>
       One of Its Attorneys

Robert L. Reeb
Matthew C. Koch
Marwedel, Minichello and Reeb, P.C.
10 S. Riverside Plaza
Suite 700
Chicago, Illinois 60606
312-902-1600

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2013, I electronically filed *International Transport Logistics, Inc.'s Motion for Summary Judgment*, on behalf of Defendant, Gray Lion Logistics, LLC, with the Clerk of the U.S. District Court for the Northern District of Illinois, via its CM/ECF system, which will send electronic notification to the following counsel of record, who have consented to accept service by electronic means:

**Paul Andrew Duffy**
pduffy@pduffygroup.com

By:  /s/ Matthew C. Koch